**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| AARON BLACKWELL and | ) |
| DURELL CUNNINGHAM | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 1:19-cv-04869-SEB-DLP |
| | ) |
| DARYL JONES, ON-TARGET SECURITY, INC, | ) |
| and NORDSTROM, INC. | ) |
| | ) |
| Defendants. | ) |

**ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

Defendant Daryl Jones, by counsel, submits his answer to Plaintiff's complaint as follows:

## Introduction

1.      Defendant Daryl Jones is without knowledge or information sufficient to admit or deny the material allegations contained in rhetorical paragraph 1 of Plaintiff's Complaint for Damages.

2.      Defendant Daryl Jones admits that on November 12, 2019, he was working at the Northside Nordstrom Rack. He also admits that he was a deputy with the Lawrence Township Constable's Office. Defendant Daryl Jones is without knowledge or information sufficient to admit or deny the material allegations contained in rhetorical paragraph 2 of Plaintiff's Complaint for Damages.

3.      Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 3 of Plaintiff's Complaint for Damages.

4.     Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 4 of Plaintiff's Complaint for Damages.

5.     Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 5 of Plaintiff's Complaint for Damages.

6.     Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 6 of Plaintiff's Complaint for Damages.

7.     Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 7 of Plaintiff's Complaint for Damages.

8.     Defendant Daryl Jones admits that he approached Blackwell and Cunningham and asked to see their identification. Defendant Daryl Jones denies the remaining allegations contained in rhetorical paragraph 8 of Plaintiff's Complaint for Damages.

9.     Defendant Daryl Jones admits that he said Plaintiffs were acting suspicious and that he asked for their identification. Defendant Daryl Jones denies the remaining allegations contained in rhetorical paragraph 9 of Plaintiff's Complaint for Damages.

10.     Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 10 of Plaintiff's Complaint for Damages.

11.     Defendant Daryl Jones admits that he told Plaintiffs they could leave.  Defendant denies the remaining material allegations contained in rhetorical paragraph 11 of Plaintiff's Complaint for Damages.

12.     Defendant Daryl Jones is without knowledge or information sufficient to admit or deny the material allegations contained in rhetorical paragraph 12 of Plaintiff's Complaint for Damages.

## The Parties

13.     Defendant Daryl Jones is without knowledge or information sufficient to admit or deny the material allegations contained in rhetorical paragraph 13 of Plaintiff's Complaint for Damages.

14.     Defendant Daryl Jones is without knowledge or information sufficient to admit or deny the material allegations contained in rhetorical paragraph 14 of Plaintiff's Complaint for Damages.

15.     Defendant Daryl Jones is without knowledge as to his employment status with On-Target. Defendant Daryl Jones admits to the remaining allegations contained in rhetorical paragraph 15 of Plaintiff's complaint for damages.

16.     Defendant Daryl Jones is without knowledge or information sufficient to admit or deny the material allegations contained in rhetorical paragraph 16 of Plaintiff's Complaint for Damages.

17.     Defendant Daryl Jones is without knowledge or information sufficient to admit or deny the material allegations contained in rhetorical paragraph 17 of Plaintiff's Complaint for Damages.

## Jurisdiction and Venue

18.     Defendant Daryl Jones admits the material allegations contained in rhetorical paragraph 18 of Plaintiff's Complaint for Damages.

19.     Defendant Daryl Jones admits the material allegations contained in rhetorical paragraph 19 of Plaintiff's Complaint for Damages.

## Factual Background

**A. Blackwell and Cunningham are unlawfully detained after purchasing merchandise from Nordstrom Rack.**

20.       Defendant Daryl Jones admits the material allegations contained in rhetorical paragraph 20 of Plaintiff's Complaint for Damages.

21.       Defendant Daryl Jones is without knowledge or information sufficient to admit or deny the material allegations contained in rhetorical paragraph 21 of Plaintiff's Complaint for Damages.

22.       Defendant Daryl Jones admits the material allegations contained in rhetorical paragraph 22 of Plaintiff's Complaint for Damages.

23.       Defendant Daryl Jones is without knowledge or information sufficient to admit or deny the material allegations contained in rhetorical paragraph 23 of Plaintiff's Complaint for Damages.

24.       Defendant Daryl Jones denies he was driving a police vehicle. Defenddant is without knowledge or information sufficient to admit or deny the remaining material allegations contained in rhetorical paragraph 24 of Plaintiff's Complaint for Damages.

25.       Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 25 of Plaintiff's Complaint for Damages.

26.       Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 26 of Plaintiff's Complaint for Damages.

27.       Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 27 of Plaintiff's Complaint for Damages.

28.     Defendant Daryl Jones admits that he exited his vehicle and approached the Plaintiffs' vehicle. Defendant Daryl Jones denies the remaining allegations contained in rhetorical paragraph 28 of Plaintiff's Complaint for Damages.

29.     Defendant Daryl Jones denies yelling "give me your driver's license." Defendant Daryl Jones admits that he stated "because I told you to." Defendant denies any remaining allegations within rhetorical paragraph 29.

30.     Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 30 of Plaintiff's Complaint for Damages.

31.     Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 31 of Plaintiff's Complaint for Damages.

32.     Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 32 of Plaintiff's Complaint for Damages.

33.     Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 33 of Plaintiff's Complaint for Damages.

34.     Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 34 of Plaintiff's Complaint for Damages.

35.     Defendant Daryl Jones admits that he stated "I got my rights to do anything I want, I'm a police officer." Defendant Daryl Jones denies the remaining allegations contained in rhetorical paragraph 35 of Plaintiff's Complaint for Damages.

36.     Defendant Daryl Jones admits that he stated the Plaintiffs "were acting suspicious." Defendant Daryl Jones denies the remaining allegations contained in rhetorical paragraph 36 of Plaintiff's Complaint for Damages.

37.     Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 37 of Plaintiff's Complaint for Damages.

38.     Defendant Daryl Jones admits he stated "you don't know the law," and that he was not scared of the Plaintiffs.  Defendant denies the material allegations contained in rhetorical paragraph 38 of Plaintiff's Complaint for Damages.

39.     Defendant admits he stated "no cop has authority over me," and that he stated "why don't you shut up, I'm not talking to you."  Defendant denies the remaining allegations within rhetorical paragraph 39 of Plaintiff's Complaint for Damages.

40.     Defendant Daryl Jones admits that he called for backup arrived from the IMPD. Defendant Daryl Jones denies the remaining allegations contained in rhetorical paragraph 40 of Plaintiff's Complaint for Damages.

41.     Defendant Daryl Jones admits he had a discussion with the IMPD officer. Defendant denies the remaining material allegations contained in rhetorical paragraph 41 of Plaintiff's Complaint for Damages.

42.     Defendant Daryl Jones admits he stated that the Plaintiffs were in Nordstrom Rack, that they got a bunch of stuff, that they ran their mouths at him, that they ran their mouths at him while they were leaving, that they tried to make sure he didn't get their license plate, and that they didn't want to show him their ID.  Defendant denies the remaining allegations within rhetorical paragraph 42 of Plaintiff's Complaint for Damages.

43.     Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 43 of Plaintiff's Complaint for Damages.

44.     Defendant Daryl Jones admits the material allegations contained in rhetorical paragraph 44 of Plaintiff's Complaint for Damages.

45.     Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 45 of Plaintiff's Complaint for Damages.

46.      Defendant Daryl Jones is without knowledge or information sufficient to admit or deny the material allegations contained in rhetorical paragraph 46 of Plaintiff's Complaint for Damages.

47.      Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 47 of Plaintiff's Complaint for Damages.

48.      Defendant Daryl Jones admits that he stated Plaintiffs were "calling him out." Defendant Daryl Jones denies the remaining allegations contained in rhetorical paragraph 48 of Plaintiff's Complaint for Damages.

49.      Defendant Daryl Jones is without knowledge or information sufficient to admit or deny the material allegations contained in rhetorical paragraph 49 of Plaintiff's Complaint for Damages.

50.      Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 50 of Plaintiff's Complaint for Damages.

51.      Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 51 of Plaintiff's Complaint for Damages.

52.      Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 52 of Plaintiff's Complaint for Damages.

53.      Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 53 of Plaintiff's Complaint for Damages.


**B. The relationship between Deputy Jones, On-Target, and Nordstrom.**

54.      Defendant is without knowledge or information sufficient to admit or deny the remaining allegations contained within paragraph 54 of Plaintiff's Complaint for Damages.

55.     Defendant Daryl Jones is without knowledge or information sufficient to admit or deny the material allegations contained in rhetorical paragraph 55 of Plaintiff's Complaint for Damages.

56.     Defendant Daryl Jones is without knowledge or information sufficient to admit or deny the material allegations contained in rhetorical paragraph 56 of Plaintiff's Complaint for Damages.

57.     Defendant Daryl Jones is without knowledge or information sufficient to admit or deny the material allegations contained in rhetorical paragraph 57 of Plaintiff's Complaint for Damages.

58.     Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 58 of Plaintiff's Complaint for Damages.

59.     Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 59 of Plaintiff's Complaint for Damages.

## Count I

### (Violation of 43 U.S.C. § 1983 as to all Defendants)

60.     Defendant Daryl Jones incorporates by reference all answers contained in paragraphs 1 through 60 of Defendant's Answer.

61.     Defendant Daryl Jones is without knowledge or information sufficient to admit or deny the material allegations contained in rhetorical paragraph 61 of Plaintiff's Complaint for Damages.

62.     Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 62 of Plaintiff's Complaint for Damages.

63.     Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 63 of Plaintiff's Complaint for Damages.

64.     Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 64 of Plaintiff's Complaint for Damages.

65.     Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 65 of Plaintiff's Complaint for Damages.

66.     Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 66 of Plaintiff's Complaint for Damages.

67.     Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 67 of Plaintiff's Complaint for Damages.

## Count II

### (Violation of 42 U.S.C. § 1985 against all Defendants)

68.     Defendant Daryl Jones incorporates by reference all answers contained in paragraphs 1 through 68 of Defendant's Answer.

69.     Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 69 of Plaintiff's Complaint for Damages.

70.     Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 70 of Plaintiff's Complaint for Damages.

71.     Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 71 of Plaintiff's Complaint for Damages.

72.     Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 72 of Plaintiff's Complaint for Damages.

73.     Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 73 of Plaintiff's Complaint for Damages.

## Count III

### (State Law False Arrest against Nordstrom and On-Target)

74.     Defendant Daryl Jones incorporates by reference all answers contained in paragraphs 1 through 74 of Defendant's Answer.

75.     Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 75 of Plaintiff's Complaint for Damages.

76.     Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 76 of Plaintiff's Complaint for Damages.

77.     Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 77 of Plaintiff's Complaint for Damages.

78.     Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 78 of Plaintiff's Complaint for Damages.

79.     Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 79 of Plaintiff's Complaint for Damages.

## Count IV

### (State Law Negligent Infliction of Emotional Distress against all Defendants)

80.     Defendant Daryl Jones incorporates by reference all answers contained in paragraphs 1 through 80 of Defendant's Answer.

81.     Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 81 of Plaintiff's Complaint for Damages.

82.     Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 82 of Plaintiff's Complaint for Damages.

83.     Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 83 of Plaintiff's Complaint for Damages.

84.     Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 84 of Plaintiff's Complaint for Damages.

85.     Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 85 of Plaintiff's Complaint for Damages.


## Count V

**(State Law Intentional Infliction of Emotional Distress against all Defendants)**

86.     Defendant Daryl Jones incorporates by reference all answers contained in paragraphs 1 through 86 of Defendant's Answer.

87.     Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 87 of Plaintiff's Complaint for Damages.

88.      Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 88 of Plaintiff's Complaint for Damages.

89.      Defendant Daryl Jones denies the material allegations contained in rhetorical paragraph 89 of Plaintiff's Complaint for Damages.

WHEREFORE, Defendant Daryl Jones, by counsel, prays that the Plaintiff take nothing by way of his Complaint for Damages, for costs of this action, and for all other just and proper relief in the premises.

Respectfully submitted,

*/s/ Christopher D. Cody*
Christopher D. Cody, Atty. No.: 24127-32
Hume Smith Geddes Green & Simmons, LLP
54 Monument Circle, 4th Floor
Indianapolis, Indiana  46204
PH:  317/632-4402     FAX: 317/632-5595
ccody@humesmith.com
*Attorney for Defendant Daryl Jones*

## JURY DEMAND

Defendant Daryl Jones, by counsel, respectfully requests a trial by jury.

Respectfully submitted,

*/s/ Christopher D. Cody*
Christopher D. Cody, Atty. No.: 24127-32
Hume Smith Geddes Green & Simmons, LLP
54 Monument Circle, 4th Floor
Indianapolis, Indiana  46204
PH:  317/632-4402     FAX: 317/632-5595
ccody@humesmith.com
*Attorney for Defendant Daryl Jones*

## AFFIRMATIVE DEFENSES

Defendant Daryl Jones, by counsel, now offers his affirmative defenses and hereby states as follows:

1. Defendant Daryl Jones is state law immunity under I.C. § 34-13-3-3.

2. Defendant Daryl Jones is entitled to qualified immunity.

3. Plaintiff's damages, if any, were caused, in whole or in part, by the Plaintiff's own actions. Plaintiff's damages and recovery should be reduced or barred pursuant to the terms of the Indiana Comparative Fault Act and/or the doctrine of contributory negligence.

4. Plaintiff may have failed to mitigate his damages, if any.

5. Any actions taken for legitimate non-discriminatory reasons.

6. Defendant had probable cause and reasonable suspicion for any actions he took.

7. Plaintiffs' claims for punitive damages should be barred or reduced according to the terms of the U.S. Constitution.

8. Defendant reserves the right to add additional affirmative defenses as they are discovered.

WHEREFORE, Defendant prays that Plaintiff take nothing by way of his Complaint, for costs of this action, and for all other necessary and appropriate relief.

Respectfully submitted,

*/s/ Christopher D. Cody*
Christopher D. Cody, Atty. No. 24127-32
HUME SMITH GEDDES GREEN & SIMMONS, LLP
54 Monument Circle, 4th Floor
Indianapolis, Indiana 46204
Telephone: (317) 632-4402
Fax: (317) 632-5595
ccody@humesmith.com

13

*Attorney for Defendant Daryl Jones*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Steven A. Haney
Haney Law Group, PLLC
3000 Towncenter Drive, Suite 2750
Southfield, Michigan 48075
Attorney for Plaintiffs Aaron Blackwell and Durell Cunningham

Joseph N. Williams
Riley Williams & Piatt, LLC
301 Massachusetts Avenue, Suite 300
Indianapolis, Indiana 46204
Attorney for Plaintiffs Aaron Blackwell and Durell Cunningham

John C. Trimble
Lewis Wagner, LLP
501 Indiana Avenue, Suite 200
Indianapolis, Indiana 46202
Attorney for Defendant On-Target

Candace Bankovich
Lewis Wagner, LLP
501 Indiana Avenue, Suite 200
Indianapolis, Indiana 46202
Attorney for Defendant On-Target

Celia M. Pauli
Lewis Wagner, LLP
501 Indiana Avenue, Suite 200
Indianapolis, Indiana 46202
Attorney for Defendant On-Target

Michael C. Terrell
Taft Stettinius & Hollister, LLP
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204
Attorney for Defendant Nordstrom

Tristian C. Fretwell

Taft Stettinius & Hollister, LLP
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204
Attorney for Defendant Nordstrom

_/s/ Christopher D. Cody_
Christopher D. Cody