UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AARON BLACKWELL and DURELL CUNNINGHAM,<br><br>Plaintiffs,<br><br>vs.<br><br>DARYL JONES; ON-TARGET SECURITY, INC.; and NORDSTROM, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) CASE NO. 1:19-cv-04869-SEB-DLP<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT NORDSTROM, INC.'S STATEMENT OF DEFENSES**

Pursuant to Section IV.B. of the Case Management Plan and the Court's Order [Dkt. No. 25], defendant Nordstrom, Inc. ("Nordstrom") submits the following statement of defenses it intends to prove at trial, stating specifically the legal theories upon which the defenses are based.

### I. Indiana's Comparative Fault Act reduces or bars claimed damages against Nordstrom.

Plaintiffs Aaron Blackwell and Durell Cunningham ("Plaintiffs") have asserted, among other claims, a state law negligence claim against Nordstrom. Under the Indiana Comparative Fault Act (I.C. 34-51-2 *et seq.*), the jury shall determine the percentage of fault attributable to Plaintiffs, and defendants Daryl Jones ("Jones"), On-Target Security, Inc. ("On-Target"), and Nordstrom. Accordingly, any fault attributed to Plaintiffs, Jones, or On-Target will reduce the portion of liability and damages, if any, that a jury may attribute to Nordstrom. Because Plaintiffs' claims are entirely based on an interaction between Plaintiffs and Jones, it is likely the jury will assign a majority, if not all, of Plaintiffs' damages to Plaintiffs and Jones, thereby reducing or barring any recovery against Nordstrom.

1

## II. Plaintiffs' claims for punitive damages are limited or barred under Indiana law.

The basis of Plaintiffs' claims against Nordstrom is based solely on the actions of Jones. Jones was an independent contractor of On-Target, which itself was an independent contractor of Nordstrom. Under longstanding Indiana law, a principal is not liable for the acts of independent contractors. *Gwinn v. Harry J. Kloeppel & Assocs., Inc.*, 9 N.E.3d 687, 691 (Ind. Ct. App. 2014). Even if Plaintiffs can overcome Jones's status as an independent contractor, Indiana law does not impose punitive damages against any employer strictly on the basis of *respondeat superior* for the misconduct of an employee. *Vogler v. James R. Poshard & Son, Inc.*, No. 3:14-CV-00105-RLY, 2015 WL 6158790, at *3 (S.D. Ind. Oct. 20, 2015) (citing *Estate of Mayer v. Lax, Inc.*, 998 N.E.2d 238, 261 (Ind. Ct. App. 2013)). Punitive damages against a principal or employer require "evidence of positive or collusive action." *Id.* In this case, there is no evidence of positive or collusive action on the part of Nordstrom and, therefore, Plaintiffs cannot recover punitive damages from Nordstrom.

## III. Reservation of Rights

By submitting the above, Nordstrom is not contending that any particular party may or may not bear the burden of proof on an issue, or part thereof. Nordstrom is still in the process of preparing for trial. Accordingly, based upon the discovery of additional or different information, Nordstrom reserves, and does not waive, its right to assert additional claims or defenses at trial.

Dated: October 23, 2020          Respectfully submitted,

                                          */s/ Ronald D. Holman, II*
Ronald D. Holman, II
Michael C. Terrell, #2124-49
Tristan C. Fretwell, #35232-53
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204-2023
(317) 713-3500 – firm phone
(317) 713-3699 – fax
rholman@taftlaw.com
mterrell@taftlaw.com
tfretwell@taftlaw.com

*Counsel for Defendant Nordstrom, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2020, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                           */s/ Ronald D. Holman, II*
Ronald D. Holman, II